IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT MILLER,                     )
                                   ) Civil Action
          Plaintiff                ) No. 09-cv-02869
                                   )
     vs.                           )
                                   )
CADMUS COMMUNICATIONS,             )
A CENVEO COMPANY,                  )
                                   )
          Defendant                )

* * *

APPEARANCES:

    DONALD P. RUSSO, ESQUIRE
        On behalf of Plaintiff

    STEVEN E. HOFFMAN, ESQUIRE
        On behalf of Defendant

* * *

O P I N I O N

JAMES KNOLL GARDNER,
United States District Judge

The matter before the court is Defendant Cadmus Communications, a Cenveo Company's Motion to Dismiss, which was filed July 2, 2009. Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss was filed August 3, 2009. For the following reasons, I grant defendant's motion and dismiss Counts I and II of plaintiff's Complaint.

## JURISDICTION

Jurisdiction in this case is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331 and diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

## VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because the events giving rise to plaintiffs' claims allegedly occurred in Northampton County, Pennsylvania, which is within this judicial district.

## PROCEDURAL HISTORY

Plaintiff initiated this action on May 14, 2009 by filing a three-count Complaint in the Court of Common Pleas of Northampton County, Pennsylvania. The Complaint alleges a claim of disparate treatment under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621-634 (Count I); a claim of disparate impact under ADEA (Count II); and violation of the Pennsylvania Human Relations Act ("PHRA"), Act of October 27, 1955, P.L. 744, no. 222, §§ 1-13, as amended, 43 P.S. § 951-963.

Defendant removed the action to this court by Notice of Removal filed June 25, 2009. The Notice of Removal avers that this court has subject matter jurisdiction over Counts I and II (the ADEA claims) based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, and over all claims, including Count III

(the PHRA claim), based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

According to the Notice of Removal, plaintiff is a citizen of the Commonwealth of Pennsylvania and defendant is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in Connecticut. The Notice of Removal further avers that the amount in controversy, exclusive of interest and costs, exceeds $75,000.

On July 2, 2009, defendant filed its within motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff responded in opposition on August 3, 2009. Hence this Opinion.

STANDARD OF REVIEW

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted". A 12(b)(6) motion requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Ordinarily, a court's review of a motion to dismiss is limited to the contents of the complaint, including any attached exhibits. See Kulwicki v. Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992). However, evidence beyond a complaint which the

court may consider in deciding a 12(b)(6) motion to dismiss includes public records (including court files, orders, records and letters of official actions or decisions of government agencies and administrative bodies), documents essential to plaintiff's claim which are attached to defendant's motion, and items appearing in the record of the case. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, nn.1-2 (3d Cir. 1995).

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2). That rule requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. Twombly, 550 U.S. at 555, 127 S.Ct. at 1964, 167 L.Ed.2d at 940.

Additionally, in determining the sufficiency of a complaint, the court must accept as true all well-pled factual allegations and draw all reasonable inferences therefrom in the light most favorable to the non-moving party. Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003). Nevertheless, a court need not credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-1430 (3d Cir. 1997).

In considering whether the complaint survives a motion to dismiss, both the District Court and the Court of Appeals

review whether it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."  Twombly, 550 U.S. at 555, 127 S.Ct. at 1969, 167 L.Ed.2d at 944 (quoting Car Carriers, Inc. v. Ford Motor Company, 745 F.2d 1101, 1106 (7th Cir. 1984) (emphasis in original); Haspel v. State Farm Mutual Auto Insurance Company, 241 Fed.Appx. 837, 839 (3d Cir. 2007).

### FACTS

Based upon the averments in plaintiff's Complaint, which I must accept as true under the foregoing standard of review, the pertinent facts are as follows.

Plaintiff Miller worked for defendant Cadmus for approximately thirty-nine years and eleven months, previously serving as the vice president of marketing, vice president of human resources, and director of corporate purchasing and support services.  His last position with defendant, which he started in November 2007, was as a sales representative.  Plaintiff gained over fifteen years in marketing and sales experience while working for defendant and was qualified for the position he held with defendant.  Plaintiff was the oldest sales director in his division employed by the defendant.[1]

---

[1] The Complaint is unclear in its averments about plaintiff's most recent job title.  As noted above, the Complaint avers that plaintiff's last

(Footnote 1 continued):

Plaintiff maintained an exemplary performance record during his tenure working for defendant. As a sales representative, he received one performance review which did not give him any warnings or note any serious problems with his performance. Plaintiff's supervisor, Anthony Ferraro, vice president of sales for defendant, gave plaintiff positive feedback regarding his job performance. In a phone call on January 17, 2008, Mr. Ferraro told plaintiff to "keep doing what you are doing" in relation to plaintiff's job performance.

On January 30, 2008, plaintiff met with Mr. Ferraro and Jenny Rogers, industrial relations representative for defendant, and was informed that his employment was terminated because of "performance issues". That same day, he received a letter informing him that his employment was terminated for performance issues. Defendant did not offer additional information about plaintiff's performance in the letter or during the January 30, 2008 meeting.

Prior to the termination of his employment, plaintiff never received any verbal or written warnings from defendant

---

(Continuation of footnote 1):

position at the defendant company was as a sales representative and that he previously served as vice president of marketing, vice president of human resources, and director of corporate purchasing and support services. (Complaint, paragraphs 3, 8.) At paragraph 7, plaintiff avers that he "was the oldest Sales Director in his division employed by the defendant." Thus, it is unclear whether plaintiff's job title was "sales director" or "sales representative".

indicating that his performance was deficient.  Moreover, plaintiff received no negative feedback on any of his performance evaluations.

Plaintiff was informed that defendant had created a policy by which employees terminated for performance reasons (rather than economic reasons) could not collect severance pay.  Plaintiff was told that he could not collect severance pay because his employment had been terminated for performance reasons.  Plaintiff avers that he was terminated because his length of service to the defendant company would entitle him to approximately thirty-nine weeks' worth of benefits under defendant's severance plan.

CONTENTIONS OF THE PARTIES

Defendant's Contentions

Defendant contends that Counts I and II of plaintiff's Complaint, the ADEA claims, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim because they were not timely filed.  Specifically, defendant avers that plaintiff did not file his ADEA claims within 90 days of notice that the United States Equal Employment Opportunity Commission ("EEOC") had dismissed his claim as required by ADEA.  Therefore, defendant contends that the claims should be dismissed as time-barred.

Defendant further contends that if Counts I and II are dismissed, this court should retain jurisdiction over the state-law PHRA claim set forth in Count III based on diversity jurisdiction.

### Plaintiff's Contentions

Plaintiff concedes that he did not file his Complaint within 90 days after issuance of the Notice of Right to Sue letter by the EEOC. However, plaintiff contends that administrative time limits for filing EEOC complaints are subject to equitable tolling. Plaintiff avers that "summary disposition at this stage of the proceedings is not appropriate" because "[e]quitable arguments may be raised in support of tolling; for example, the Plaintiff may not have notified his counsel that a Notice of Right to Sue had been issued." (Plaintiff's response in opposition, page 3.)

Plaintiff contends, in the alternative, that if Counts I and II are dismissed, this court should remand his pendent PHRA claim to the Northampton County Court of Common Pleas. However, plaintiff offers no reason or legal authority in support of his request to remand his PHRA claim to state court despite the fact that this court has subject matter jurisdiction over that claim based on diversity of citizenship.

DISCUSSION

ADEA Claims

Defendant contends that plaintiff's ADEA claims are time-barred because plaintiff failed to initiate this action within 90 days after receiving a Notice of Right to Sue (attached to defendant's motion as Exhibit A) by which the EEOC dismissed plaintiff's claims.

The Notice of Right to Sue was not filed with plaintiff's Complaint, but is attached to defendant's motion as Exhibit A. Although it is not part of plaintiff's Complaint, I may consider it for purposes of this motion to dismiss because it is a matter of public record and because it is central to plaintiff's claim that he exhausted administrative remedies. Williams v. The Renfrew Center, 2008 WL 2550592, at *1 n.1 (E.D.Pa. June 26, 2008)(Kauffman, S.J.)(citing Dixon v. Philadelphia Housing Authority, 43 F.Supp.2d 543, 545 (E.D.Pa. 1999)(Katz, S.J.).

Under ADEA, a complainant is not required to wait for the EEOC to issue a right-to-sue letter before initiating a lawsuit. Rather, he may commence suit 60 days after filing an EEOC charge, even without first receiving a notice of the right to sue. 29 U.S.C. § 626(d). However, ADEA further provides, in pertinent part, that

-9-

> [i]f a charge filed with the Commission under this chapter is dismissed or the proceedings of the Commission are otherwise terminated by the Commission, the Commission shall notify the person aggrieved. A civil action may be brought under this section...within 90 days after the date of the receipt of such notice.

29 U.S.C. § 626(e).

Thus, if a right-to-sue letter is issued, plaintiff has 90 days from receipt of the notice to commence a civil action. Id.; see also Ruehl v. Viacom, Inc., 500 F.3d 375, 383 n.11 (3d Cir. 2007). The 90-day filing period acts as a statute of limitations. See McCray v. Corry Manufacturing Company, 61 F.3d 224 (3d Cir. 1995). Federal Rule of Civil Procedure 6(d) creates a presumption that plaintiff received the notice from the EEOC three days after its mailing. See Frable v. Christmas City Hotel, 2005 WL 2436699, at *3 (E.D.Pa. Sept. 28, 2005) (Gardner, J.).

In this case, defendant avers that plaintiff's Notice of Right to Sue was mailed by the EEOC on December 22, 2008, and that plaintiff therefore had 93 days (90 days pursuant to 29 U.S.C. § 626(e), plus three days pursuant to Rule 6(d)), or until March 25, 2009, to commence his lawsuit. Defendant avers that because plaintiff initiated this action on May 14, 2009 in the Northampton County Court of Common Pleas, more than seven weeks after the deadline, it is therefore untimely.

The Notice of Right to Sue filed with defendant's

-10-

motion clearly indicates that it was mailed on December 22. However, the final digit of the year is indiscernible. Defendant avers that it is dated December 22, 2008. Plaintiff does not dispute this averment. Therefore, I conclude that the Notice was mailed December 22, 2008 and I presume that plaintiff received it three days later. Accordingly, plaintiff was required to file his lawsuit by March 25, 2009. See 29 U.S.C. § 626(e); Fed.R.Civ.P. 6(d). Plaintiff does not dispute that he filed this lawsuit on May 14, 2009, more than six weeks after his March 25, 2009 deadline to do so, and, indeed, concedes that he did not file his lawsuit within the statute of limitations set forth in ADEA.

Plaintiff's brief in opposition contends that ADEA's 90-day limitations period may be equitably tolled. Although plaintiff cites some legal authority in support of this contention, he fails to offer meaningful legal analysis regarding application of the doctrine of equitable tolling in this case.

Pursuant to Local Rule 7.1(c), all litigants are required to address substantive matters in a meaningful manner. See E.D.Pa.R.Civ.P. 7.1(c). As noted by my colleague, District Judge Cynthia M. Rufe in Copenhaver v. Borough of Bernville, 2003 U.S.Dist. LEXIS 1315, at *4 n.1 (E.D.Pa. Jan. 9, 2003) (Rufe, J.), "Fully developed legal argument, citation to legal authority, and discussion of the relevant facts aid this Court in

performing its duty, and ultimately in serving the ends of justice.  Any brief in opposition...that is lacking even a modicum of these elements is woefully insufficient and inexcusable.".

Because plaintiff's brief in opposition fails to offer meaningful legal discussion, I grant defendant's motion as unopposed.  Moreover, as discussed below, I would also grant the motion on its merits.

Under the doctrine of equitable tolling, a statute of limitations can be tolled when principles of equity would make its rigid application unfair.  Such a situation arises if (1) defendant has actively misled plaintiff; (2) plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) plaintiff has timely asserted his rights mistakenly in the wrong forum.  Urcinoli v. Cathel, 546 F.3d 269, 272 (3d Cir. 2008).

In addition to failing to articulate the applicable test for equitable tolling set forth above, plaintiff has not asserted that any of these factors are present in the within case.  Plaintiff merely avers, without support, that "summary disposition at this stage of the proceedings is not appropriate".

Further, plaintiff's brief contends that "[e]quitable arguments may be raised in support of tolling; for example, the Plaintiff may not have notified his counsel that a Notice of

Right to Sue had been issued", apparently suggesting that a party's failure to notify his counsel of the issuance of a right-to-sue letter would justify equitable tolling. Plaintiff cites no legal authority for this proposition either.

Equitable tolling may be appropriate when a claimant received inadequate notice of her right to file suit; where a motion for appointment of counsel is pending; or where the court has misled plaintiff into believing she had done everything required of her. Seitzinger v. Reading Hospital and Medical Center, 165 F.3d 236, 240 (3d Cir. 1999)(citing Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725-1726, 80 L.Ed.2d 196, 202 (1984)).

However, a plaintiff who seeks to invoke equitable tolling must take action. "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence. Baldwin County, 466 U.S. at 151, 104 S.Ct. at 1726, 80 L.Ed.2d at 202.

Plaintiff's proffered reason for failing to file suit within the 90-day limitations period, that plaintiff "may not have notified his counsel that a Notice of Right to Sue had been issued", is entirely speculative. Moreover, it does not rise to the level of an extraordinary way in which plaintiff has been prevented from asserting his rights. See Urcinoli, 546 F.3d at 272. On the contrary, even if plaintiff were correct that he did

not notify his attorney of the issuance of his right-to-sue letter, such conduct suggests that plaintiff failed to act diligently to protect his rights.  See Baldwin, supra.

Because plaintiff has failed to adequately brief his contention that equitable tolling applies in this case, and because I conclude that his proffered reason is insufficient to satisfy the requirements of the doctrine, I grant defendant's motion and dismiss Counts I and II of plaintiff's Complaint.

### PHRA Claim

Defendant's motion to dismiss does not seek to dismiss Count III, the PHRA claim, and avers at footnote 2 that even if the federal claims are dismissed, this court should retain jurisdiction over that claim based on diversity of citizenship. As noted above, defendant removed this action to federal court on the basis of both federal question jurisdiction and diversity jurisdiction.  Because the Notice of Removal avers that plaintiff is a citizen of Pennsylvania, defendant is a Delaware corporation with its principal place of business in Connecticut, and the amount in controversy exceeds $75,000.00, I conclude that this court maintains jurisdiction over Count III despite the fact that I have dismissed plaintiff's federal claims.[2]  See 28 U.S.C.

---

[2] Plaintiff's response in opposition requests that the motion to dismiss be denied on the basis of equitable tolling, as I have discussed (and rejected) above.  Plaintiff contends that, in the alternative, I should remand the PHRA claim to the Northampton County Court of Common Pleas if the federal claims are dismissed.  Plaintiff does not argue that this court lacks subject matter jurisdiction over his PHRA claim and offers no authority or explanation

§ 1332(a).

## CONCLUSION

For all the foregoing reasons, I grant Defendant Cadmus Communications, a Cenveo Company's Motion to Dismiss. Accordingly, I dismiss Counts I and II of plaintiff's Complaint with prejudice.

---

in support of his contention that the PHRA claim should be remanded to state court. Accordingly, I consider uncontested defendant's assertion that this court has diversity jurisdiction over Count III. See E.D.Pa.R.Civ.P. 7.1(c). Moreover, based on the averments in the Notice of Removal, I am satisfied that diversity jurisdiction over the PHRA claim is appropriate, and therefore I do not remand that claim to state court.